UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA : Crim. No. 11-161 (JAP)

v. : OPINION

CHRISTOPHER RAD :

Defendant. :

PISANO, District Judge.

The charges in this securities fraud and illegal spamming case arise from Christopher Rad's participation in "pump and dump" schemes in which illegal spam emails were used to promote stocks. On November 30, 2012, after a 10-day trial, Defendant was convicted of Counts I, and V though IX of the Superseding Indictment and was acquitted of the remaining counts. Presently before the Court are Defendant's "Renewed Motion for Acquittal" and "Motion in Arrest of Judgment." For the reasons below, Defendant's motions are denied.

Motion for Acquittal – Rule 29

Pursuant to the Federal Rules of Criminal Procedure, if a jury returns a guilty verdict against a defendant, a court may set aside that verdict and enter an acquittal. Fed. R. Crim. P. 29(c). The Court applies "a 'particularly deferential' standard of review to a challenge to the sufficiency of evidence supporting a jury verdict." *United States v. Peppers*, 302 F.3d 120, 125 (3d Cir. 2002) (quoting *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998)). In considering a motion for acquittal pursuant to Rule 29, the Court must "determine whether the evidence submitted at trial, 'when viewed in the light most favorable to the government, would allow a rational trier of fact to convict.' " *United States v. Hart*, 273 F.3d 363, 371 (3d Cir. 2001)

(quoting *United States v. Helbling*, 209 F.3d 226, 238 (3d Cir. 2000). The Court "must sustain the verdict if any trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Basley*, 357 Fed. Appx. 455, 459 (3d Cir.2009) (citing *United States v. Cunningham*, 517 F.3d 175, 177 (3d Cir. 2008)). A finding of insufficiency should be reserved for those situations in which "the prosecution's failure is clear." *United States v. Mercado*, 610 F.3d 841, 845 (3d Cir. 2010).

At the close of the prosecution's case, Defendant moved pursuant to Federal Rule of Criminal Procedure 29 for entry of judgment of acquittal. The Court denied that motion, and Defendant now renews his motion. As the government points out, the renewed motion raises essentially three arguments: (1) that it was error for the Court to not instruct the jury on the "fact issue [of] whether the Defendant believed his newsletter was being sent to recipients who had a relationship with the mailer by having opted into the newsletter relationship", Motion at 1; (2) that there was insufficient evidence to support convictions premised on the unauthorized access of computers; and (3) that all of the Skype chat messages should have been suppressed pursuant to the defendant's initial Motion to Suppress. The Court finds these arguments to be without merit.

As to Defendant's first argument, this Court held earlier that Defendant was not entitled to an instruction that the use of "opt-in" lists with respect to the emails in question caused those emails to fall outside the scope of "commercial electronic mail messages." There was no evidence, contrary to Defendants' contentions, to suggest that these emails could be considered a relationship or transactional message under 15 U.S.C. § 7702. *See* Tr. 244:2 to 248:18; 1071:2 to 1079:24. The jury was properly instructed that one of the required elements of the spam-related charges is that the "electronic mail messages were commercial in nature" and that "an

electronic mail message is commercial in nature if its primary purpose is the commercial advertisement or promotion of a commercial product or service." Tr. 1274. There is ample evidence of record to support the jury's finding that the relevant emails were commercial electronic mail messages. *See* Tr. 1033:6 - 1033:19, 1180:1 - 1181:16, 1187:13 - 1193:17, 1200:22 - 1201:2.

With respect to his second argument, Defendant argues that "the Government did not produce a single witness who claimed their protected computer was used without authorization" and that the Government's expert "agreed that a system of controlled computers to send email in a legal fashion would operate identically and appear identical to a system using computers without authorization." Motion at 2. While Defendant is correct that the government did not elicit testimony from any witness whose computer was accessed without authorization (that is, a "botnet" victim), there was evidence produced at trial from which the jury could find that the email campaigns relevant to Counts V through IX were sent though botnets. *See, e.g.*, Govt. Ex. 1202 (admissions by co-conspirators) and exhibits referenced therein.

Defendant's final argument is a renewal of a suppression motion that has been made and denied twice in this matter. Defendant contends that certain Skype messages should have been excluded from evidence. To the extent that Defendant now seeks that relief under Rule 29, his motion is improper. To the extent that Defendant now asks the Court to reconsider its earlier rulings regarding suppression of the evidence, the motion is devoid of any basis for such relief.

"Motion in Arrest of Judgment"-Rule 34

Under Federal Rule of Criminal Procedure 34, "[u]pon the defendant's motion or on its own, the court must arrest judgment if: (1) the indictment or information does not charge an offense; or (2) the court does not have jurisdiction of the charged offense." Defendant raises

3

neither of these grounds in his motion. Rather, he complains that a factual allegation in the indictment, specifically, that Defendant requested a sample email from James Bragg, turned out to be incorrect. Witnesses at trial testified that it appeared that Bragg informed Defendant that he would send him a sample email as opposed to the sample email being sent in response to a request from Defendant.

Even if, as Defendant alleges, the statement in the indictment was untrue, Rule 34 relief is unwarranted. The alleged misstatement, being only one of several overt acts alleged, does not create a deficiency such that the indictment fails to allege an offense with respect to Count I. Further, it does nothing to undermine the Court's jurisdiction over the matter. The motion, therefore, is denied.

Conclusion

For the reasons above, Defendant's motions under Rule 29 and Rule 34 are denied. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge